EASTERN DIST.
*February,* 1835.

BEAL ET ALS.
*vs.*
BRANDT ET ALS.

## BEAL & WIFE *vs.* BRANDT & WIFE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the notice to take a deposition is not given in full time, as required by law, yet when the party sends her attorney to the commissioner, who appears, and objects to taking the deposition, on the ground of defective notice, this fact will render the notice sufficient.

Where the name of a witness is written *C. Swabine* in the affidavit for a commission, and *Catherine Swab* in the deposition, the discrepancy in names will not vitiate the deposition, when it is in other respects taken according to law.

The law does not require a commissioner before whom a deposition is taken, to reduce it to writing personally. It is sufficient, if not written by the witness, that it be reduced to writing by any indifferent person.

When a deposition is accompanied by the certificate of the commissioner, that it was taken by him, and sworn to and subscribed before him, it is a sufficient *proces verbal* of the manner of taking it.

This is an action of slander, for slanderous words spoken by the wife of Brandt, respecting the wife of Beale, and for an assault and battery committed by Beale on Brandt's wife; damages laid at one thousand dollars.

The plaintiffs allege that the wife of John Brandt, publicly, maliciously and wickedly called Mrs. Rosina Beale a thief and a whore, and with a view to defame her character; that such charges are false and malicious, and have damaged her in the estimation of her neighbors. They further allege, that John Brandt came to plaintiffs' house, and in the absence of her husband, without cause, assaulted, beat and whipped the plaintiff, Mrs. Beale, in a cruel manner; all of which matters have caused her great injury and damage, to the amount of one thousand dollars.

The defendants pleaded a general denial, and alleged that Rosina Beale, one of the plaintiffs, had for four months harras-

sed and slandered Mrs. Brandt, calling her a thief, and charg-
ing John Brandt the husband, with stealing sheep, &c., all of
which is false and malicious, and was uttered by Mrs. R.
Beale, knowing it to be false, and with a view of injuring
her in public estimation, &c.; that in consequence of said
slander and defamation, she has suffered damage, to the
amount of five thousand dollars, for which she prays
judgment in re-convention.

The plaintiffs excepted to the plea and demand in re-con-
vention of the defendant, as matter independent, and uncon-
nected with, and not incidental to the cause of action; they
averred the demand and allegations set up in defendants'
answer were too vague and uncertain, as to time and the
manner of making the charges alleged, and pray that the
answer be amended.

On the trial, the reading of the deposition of a certain
Catherine Swab, was objected to by the defendants' counsel,
on various grounds, as stated in the opinion of this court, but
being admitted, the defendants' counsel took his bill of
exceptions.

The cause was submitted to a jury on all the testimony,
who returned a verdict for the plaintiffs of two hundred and
fifty dollars. From judgment rendered on this verdict, the
defendants appealed.

*Culbertson and Kennicott,* for the plaintiffs.

*Roselius, contra.*

*Martin, J.,* delivered the opinion of the court.

This is an action of slander, and assault and battery, with
a claim for damages. The hopes which the fair defendant
entertains of having the judgment of the fair plaintiff reversed,
rest on the alleged error of the judge *a quo,* in admitting
testimony offered by the plaintiff, but objected to by the
defendant.

The grounds on which the reading of the deposition
offered by the plaintiff, was objected to, are :

1. The insufficiency of the notice.

2. That of the affidavit on which the commission issued.

3. That the deposition was not reduced to writing by the commissioner.

4. That no *procès verbal* is annexed to the commission.

It appears that the notice was issued on the 30th of April, to appear before the commissioner on the same day, at two o'clock, P. M. The hour at which the service was made, does not appear in the record, but has been stated in argument to have been about 11 o'clock, A. M. The witness was obliged to leave the city unexpectedly and go home, on account of her husband's sickness, and that she had not communicated this to the plaintiff, until the morning of the day on which she was examined, being the eve of the one on which she expected to depart.

As all the parties resided in New-Orleans, and the defendant sent her attorney to the commissioner's office, for the purpose of objecting to the insufficiency of the notice, before she heard the deposition was taken, we conclude the notice was sufficient.

2. The affidavit on which the commission issued, is objected to, on account of the inaccuracy in the name of the witness, and because it is said the affidavit is not made as the law requires. In the affidavit, the name of the witness is written C. Swabine, and in the deposition she is called Catherine Swab. In other respects the affidavit appears to us, to have been made according to the article 430 of the Code of Practice, under which we suppose the commission was asked for. Swab may be a contraction of Swabine; as the attorney of the defendant objected before the commissioner, to the shortness of the notice only, we think the District Court did not err, ordering the deposition to be read.

3. Nothing in our law requires the commissioner to reduce the depositions he receives to writing personally. It suffices when not written by the witness, that they be taken down by an indifferent person. In the present case the deposition was taken by the clerk of the commissioner, an associate justice of the City Court.

74

---

EASTERN DIST.
February, 1835.

BEAL ET ALS.
*vs.*
BRANDT ET ALS.

Where the notice to take a deposition is not given in full time, as required by law, yet when the party sends her attorney to the commissioner, who appears and objects to taking the deposition, on the ground of defective notice, this fact will render the notice sufficient.

Where the name of a witness is written C. Swabine in the affidavit for a commission, and Catherine Swab in the deposition, the discrepancy in names will not vitiate the deposition, when it is in other respects taken according to law.

The law does not require the commissioner before whom a deposition is taken, to reduce it to writing personally. It is sufficient, if not written by the witness, that it be reduced to writing by an indifferent person.

When a deposition is accompanied by the certificate of the commissioner, that it was taken

EASTERN DIST.    4. The commission and deposition are accompanied with
February, 1835.  the commissioner's certificate, of the deposition having been
HART ET ALS.     taken by him.
    vs.              The deposition was, in our opinion, properly received in
ST. ROMES ET ALS
by him, and  evidence.
sworn to and
subscribed be-
fore him, it is a    It is, therefore, ordered, adjudged and decreed, that the
sufficient procès
verbal of the  judgment of the District Court be affirmed, with costs.
manner of ta-
king it.